UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| APPARATUS LLC,<br><br>                                  Plaintiff,<br><br>        v.<br><br>ALAN MIZRAHI d/b/a ALAN MIZRAHI LIGHTING and LIGHTING DESIGN WHOLESALERS INC., | ECF Case<br>Civil Action No.<br><br>**COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff Apparatus LLC ("Plaintiff" or "Apparatus"), by and through its attorneys, complain and allege against defendants Alan Mizrahi d/b/a Alan Mizrahi Lighting ("Mizrahi") and Lighting Design Wholesalers Inc. ("LDW") (collectively, the "Defendants") as follows:

## INTRODUCTION

1.      This is an action for trademark and trade dress infringement, counterfeiting, false designation of origin, and unfair competition pursuant to 15 U.S.C §1114 and 15 U.S.C. § 1125; common law trademark infringement, unfair competition and misappropriation; use of name with intent to deceive under New York General Business Law § 133, and injury to business reputation and dilution under New York General Business Law § 360-I stemming from Defendants' infringement of Apparatus' well-known APPARATUS and CLOUD trademarks and Apparatus' distinctive and registered line of CLOUD light fixtures. Apparatus seeks injunctive relief, an accounting, compensatory damages, treble damages, statutory damages, attorney's fees and costs, and such other relief as the Court deems proper

## THE PARTIES

2.      Plaintiff Apparatus is a limited liability company existing under the laws of New York, having a principal place of business at 124 West 30th Street, New York, New York 10001.

3.      Upon information and belief, Defendant Mizrahi is an individual who operates and controls the activities of his namesake companies and websites, including, but not limited to, <www.alanmizrahilighting.net>. Upon information and belief, defendant Mizrahi is also known as Alon Mizrahi.

4.      Based upon documents submitted in pending litigations in this District for claims comparable to those asserted here, Mizrahi's last known address is Rinner Strasse 1A, 6081 Albrans, Tyrol, Austria (See *Restoration Hardware, Inc. v. Lighting Design Wholesales, Inc.*, S.D.N.Y. No. 17-cv-05553-LGD-GWG, Dkt. 128, 156 and *Hudson Furniture Inc. et al.* v. *Alan Mizrahi d/b/a Alan Mizrahi Lighting et al.,* S.D.N.Y. No. 20-cv-04891-PAC-RWL, Dkt. 1).

5.      Defendant LDW is an active corporation organized and existing under the laws of the State of New York and lists a corporate address at 140 Bowery, New York, New York 10013.  See Exhibit 1.

6.       Upon information and belief, LDW operates and/or controls the website alanmizrahilighting.net with Mizrahi, through which Defendants conduct their business.

7.      The website alanmizrahilighting.net currently identifies its "New York Headquarters" as "Lighting Design, Inc." with an address at 140 Bowery Street, New York, NY 10013, a phone number of (347) 201-8144, a fax number of (212) 941-8716 and an e-mail address of mike@alanmizrahi.net.  See Exhibit 2.

8.      Upon information and belief, Mizrahi is a principal of Defendant LDW and is otherwise responsible for the infringing activities of Defendant LDW.  Upon further information

and belief, Mizrahi controls the business activities of LDW, including the business activities hereinafter alleged.

## JURISDICTION AND VENUE

9.     The Court has Federal subject matter jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §§ 1331 and 1338 with respect to the claims arising under the Lanham Act, 15 U.S.C. § 1051, et seq.

10.    This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for claims arising from violations of the statutory and common law of the State of New York.

11.    This Court has personal jurisdiction over LDW because LDW is a domestic corporation incorporated in New York. In addition, this Court has personal jurisdiction over both Defendants because, on information and belief, Defendants have regularly conducted and transacted business in this District; have solicited consumers in this District;  have regularly done or solicited business in this District; have contracted to supply products in this District; advertise, promote, market, publicly display and distribute infringing products to consumers within this District; regularly and systematically direct electronic activity into the State of New York through their websites with the intention, and for the purpose of, engaging in business in this District;  and have derived substantial revenues from products sold and used in this District.

12.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because this is an action brought pursuant to the Lanham Act and (a) LDW resides in this judicial district, (b) a substantial part of the events giving rise to Plaintiff's claims occurred within this District, and (c) Plaintiff's rights are seriously affected in this District. Furthermore, upon information and belief, Mizrahi is not a resident in the United State and may therefore be sued in any judicial district, and Mizrahi is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

### Apparatus and its Trademarks

13.    Apparatus is a New York-based design studio celebrated for creating experimental and vintage-inspired lighting fixtures, furniture, and decorative objects that fuse contemporary materials with sculptural forms.

14.    Apparatus was co-founded in 2011 by Jeremy Anderson and creative director Gabriel Hendifar, who, prior to launching the company, was a fashion and interior designer working with couture fashion labels. Together, Mr. Hendifar and Mr. Anderson designed light fixtures for Mr. Hendifar's apartment. Encouraged by the enthusiastic response to their DIY weekend projects, Mr. Hendifar and Mr. Anderson relocated from Los Angeles to New York and launched Apparatus in 2011.

15.    Nine years after its founding, Apparatus now employs a team of approximately sixty-eight people, selling over 5,000 pieces annually to clients around the world.

16.    The design community has celebrated Apparatus as an exciting new voice and emerging leader in the field. By way of example, in 2013, the New York Chapter of the International Furnishings and Design Association ("IFDA") lauded Mr. Hendifar's and Mr. Anderson's work with Apparatus, naming them Rising Stars of Interior Design for Product Design.

17.    Apparatus has garnered critical praise from taste makers and globally influential publications, having been featured in *The New York Times*, *T Magazine*, *Vogue*, *Vanity Fair*, *Architectural Digest*, and the *San Francisco Chronicle*, to name just a few. In its September 2016 edition, *Architectural Digest* devoted an entire article to feting the opening of Apparatus' studio space, extolling the firm as "trendsetting," and applauding Mr. Hendifar as a "creative

mastermind" responsible for designing "the brand's coveted light fixtures, furnishings, and objets d'art."

18. Apparatus' innovative light fixtures and furnishings are sold under the APPARATUS trademark, which appears on the Apparatus website, on product inserts and in other ways usual in the trade. Apparatus' APPARATUS trademark is subject of U.S. Trademark Registration No. 6,021,497 covering "Electric lighting fixtures; sconce lighting fixtures; Lighting fixtures; LED (light emitting diode) lighting fixtures; Ceiling lights; Lamps; Pendant lighting fixtures; table lamps; wall lamps; floor lamps; chandeliers" which has been in use in U.S. Commerce since at least as early as March 2012. Apparatus' Registration No. 6,021,497 for the mark APPARATUS is valid and subsisting and a copy of the registration is attached as Exhibit 3.

19. Apparatus' trademark rights in the APPARATUS trademark for the aforementioned goods, including Registration No. 6,021,497 and its common law trademark rights in the APPARATUS trademark, are referred to as the "APPARATUS Trademark."

20. Among Apparatus' most prominent and coveted products is its Cloud Fixture, a graceful cluster of diaphanous orbs suspended by delicate brass chains and clustered around a central light source. An image of Apparatus' Cloud fixture (hereinafter the "Cloud Fixture") is provided below.



21.    Apparatus' innovative Cloud Fixture is sold under the CLOUD trademark, which

appears on the  Apparatus website, on product inserts and in other ways usual in the trade.

Apparatus' CLOUD trademark is subject of U.S. Trademark Registration No. 4,899,310 for

"Electric lighting fixtures; LED (light emitting diode) lighting fixtures; LED (light emitting

diodes) lighting fixtures for use in display, commercial, industrial, residential, and architectural

accent lighting applications; Lighting apparatus for sports arenas; Lighting apparatus for theatres,

clubs and discotheques; Lighting apparatus, namely, lighting installations; Lighting fixtures",

which has been in use in U.S. commerce since at least as early as May 2012. Registration No.

4,899,310 for the mark CLOUD is valid and subsisting and a copy of the registration is attached

in Exhibit 4.

22.    Apparatus' trademark rights in the CLOUD trademark for the aforementioned goods, including Registration No. 4,899,310 and its common law trademark rights in the CLOUD trademark, are referred to as the "CLOUD Trademark."

The Apparatus Cloud Fixture

23.    As more fully set forth below, since Apparatus introduced the Cloud Fixture, it has garnered both substantial sales success and unsolicited critical acclaim. As a result, buyers, retailers, architects, and interior designers—as well as their customers—have come to recognize the configuration of the Cloud Fixture not merely as an iconoclastic, alluring design, but as a unique symbol of Apparatus.

24.    Consequently, Apparatus has accrued extensive trade dress rights in the Cloud Fixture.

25.    Apparatus' Cloud Fixture debuted in 2012, quickly becoming the company's preeminent piece. The design of the Cloud Fixture features a pendulous arrangement of a number of glass orbs frosted by hand to create an irregular texture reminiscent of 19th Century décor. Using jewelry hardware, the glass orbs are hung from hand-finished brass chains around a central light source. The light is obscured by and refracted through a surrounding cluster of frosted glass orbs, resulting in a warm, diffuse glow creating the overall effect of a hanging cloud.

26.    The Cloud Fixture represents one of Apparatus' first designs. Mr. Hendifar's aim in creating the piece was to adopt the silhouette of and vintage materials found in traditional chandeliers, while reimagining the interplay of their component parts. The Cloud Fixture uses brass hardware—renowned for its strength and structural stability—rendered in a delicate, refined jewelry chain, suspending featherweight glass orbs, which both soften and amplify light.

The Cloud Fixture is therefore a study in contrast, juxtaposing the solidity of metal and the ephemeral lightness of glass.

27.    The Cloud Fixture is available in models incorporating 19, 37, or 73 orbs; the 19- and 37-orb models use three central light sources, while the 73-orb model uses six light sources. Finding the right arrangement and selection of the number of light sources required significant experimentation and painstaking development. Finally, after months of trial and error, Apparatus devised a successful configuration placing a single orb at the center of the Cloud Fixture, with multiples of six orbs creating the surrounding rings.

28.    Ultimately, the process of developing the Cloud Fixture—not merely in imagining a beautiful concept but in solving the myriad technical problems its groundbreaking design engendered—has demanded a substantial investment of Plaintiff's time, effort, and resources.

29.    Every Cloud Fixture is painstakingly assembled by hand; as such its method of manufacture is intricate, time-consuming, and costly.

30.    The Cloud Fixture has earned Apparatus critical acclaim from publications at the forefront of design. For example, the above-referenced September 2016 *Architectural Digest* did not merely picture the Cloud Fixture, but *explicitly cited it by name* as Apparatus' "signature" piece. *Architectural Digest* also published an article picturing and referencing the Cloud Fixture by name in 2014. Likewise, in its September 4, 2015 edition, *The New York Times Style Magazine* published an article profiling Apparatus' founders, titled "Inside the Inspired Home of Two Brooklyn Lighting Designers." The article pointed out that "[s]ome of [Apparatus'] signature designs, like the sensuous, hand-weathered Cloud lamp, *are already approaching icon status*" (emphasis added). See Exhibit 5.

31.   Several other prominent outlets have praised the Cloud Fixture. Recommending the Cloud Fixture to its affluent, discerning readers, the *Financial Times* praised the piece as "mesmeric" in its recurring "How To Spend It" column. Moreover, in a post profiling comedian Chelsea Handler's "Upbeat Office Style," lifestyle site Popsugar.com extolled the Cloud Fixture as "[a] perfect fit for the elegant but slightly whimsical vibe of the office … [reminding] us of an upside-down balloon bouquet." The Cloud Fixture has also featured in *The New York Times, Los Angeles Times*, *Chicago Tribune*, *Home and Design*, and *Interior Design*, among others. See Exhibit 5.

32.   Apparatus has invested considerable resources in advertising and promoting the Cloud Fixture on a global basis. For instance, Apparatus has promoted and displayed the Cloud Fixture at industry events and trade shows, including the IFDA-sponsored International Contemporary Furniture Fair in New York, as well as the West Edge Design Fair in Southern California, and Salone del Mobile in Milan, Italy. In 2015, Apparatus won the Best Booth award at IFDA; the Cloud Fixture was prominently displayed at the center of Apparatus' award-winning booth.



Apparatus' 2015 IFDA "Best Booth" Award-Winning Installation

33.     Apparatus further promotes the Cloud Fixture online via its website accessible at apparatusstudio.com. Apparatus also boasts more than 209,000 (entirely unpaid for) followers of its Instagram account, to which it frequently posts images of the Cloud Fixture; indeed, one Instagram post from October 10, 2020 tallied nearly 2,000 "likes," while an early 2016 Instagram post featuring the Cloud Fixture tallied nearly 1,300 "likes." Apparatus generally and the Cloud Fixture specifically feature prominently on Pinterest as well.

34.   To maintain the highest standards of quality, Apparatus owns and operates a production studio that finishes and assembles the components of Apparatus-designed lighting fixtures, including the Cloud Fixture. The Cloud Fixture is sold through a curated selection of authorized dealers, including, for example, BDDW, an exclusive furniture gallery located in this Judicial District.

35.   As a result of the product's commercial success, the Cloud Fixture is recognized by the design industry, the media, and consumers alike as a unique, innovative, and unmistakable icon of Apparatus.

36.   The configuration of the Cloud Fixture is not essential to its utility as a light fixture. Likewise, the design of the Cloud Fixture is not dictated by reasons of cost, expedience, or efficiency. Finally, Apparatus' exclusive use of the Cloud Fixture does not place competitors at any non-reputation-related disadvantage. As such, the trade dress of Cloud Fixture is not functional.

37.   In addition, due to the acquired distinctiveness and consumer recognition of the Cloud Fixture, Apparatus secured a trademark registration for the configuration of the Cloud Fixture, U.S. Trademark Registration No. 5,283,386 for "Electric lighting fixtures; LED (light emitting diode) lighting fixtures; LED (light emitting diodes) lighting fixtures for use in display, commercial, industrial, residential, and architectural accent lighting applications; Lighting fixtures".  The configuration of the Cloud Fixture has been in use in U.S. commerce since at least as early as May 2012. U.S. Registration No. 5,283,386 for the configuration of the Cloud Fixture is valid and subsisting and attached as Exhibit 6.

38.   Apparatus' rights in the Cloud Fixture trademark for the aforementioned goods, including Registration No. 5,283,386 and its common law trademark rights in the Cloud Fixture configuration are referred to as the "Cloud Fixture Trademark."

39.   Apparatus's lighting fixtures, including the Cloud Fixture, are offered for sale and/or sold in the United States by Apparatus through its website, apparatusstudio.com, its retail locations, third party retailers, and through contractors, architects, and interior designers.

Defendants' Business

40.   On information and belief, Defendants are engaged in manufacturing, distributing, marketing, advertising, promoting, offering for sale, and selling lighting fixtures.

41.   On information and belief, both Defendants operate and control the activities of the website alanmizrahilighting.net (hereinafter, the "Mizrahi Website").

42.   On information and belief, Defendants' business model includes using the intellectual property of others without authorization.  Defendants are currently involved in two litigations in this District which are based on allegations of copyright, patent and/or trademark infringement which are very similar to the allegations herein.  *See Restoration Hardware, Inc. v. Lighting Design Wholesales, Inc.*, S.D.N.Y. No. 17-cv-05553-LGD-GWG and *Hudson Furniture Inc. et al.* v. *Alan Mizrahi d/b/a Alan Mizrahi Lighting et al.,* S.D.N.Y. No. 20-cv-04891-PAC-RWL

Defendants' First Encounter with Apparatus

43.   In January 2019, Apparatus sent a cease and desist letter to "Alan Mizrahi Lighting".  The letter, which was sent to the e-mail addresses alan@alanmizrahi.net and lauren@alanmizrahi.net, as well as the Dallas address listed on the alanmizrahilighting.net website, related to the unauthorized sale of a lighting fixture not presently at issue in this case.  A

12

copy of the letter, without exhibits, is attached as Exhibit 7.  That matter was concluded, and to Apparatus' knowledge, there were no other infringements of Apparatus products on the alanmizrahilighting.net website.

44.   The January 2019 letter put Defendants on notice of Apparatus and its rights.

<u>Defendants' Wrongful Conduct</u>

45.   At some point after receiving the January 2019 letter, Defendants turned their efforts to Apparatus' Cloud Fixture.  Thus, with full knowledge of and disregard for Apparatus' intellectual property rights, Defendants chose to improperly trade on the goodwill and success of the Cloud Fixture by manufacturing, importing, purchasing, advertising, promoting, distributing, offering for sale and/or selling a lighting fixture that is virtually identical in appearance to Apparatus' successful and highly distinctive Cloud Fixture and Cloud Fixture Trademark. A screen shot from the Mizrahi Website illustrating Defendants' infringing conduct is provided below.





46.    The infringing fixture offered by Defendants on the Mizrahi Website comes in the same configuration as the Cloud Fixture and Cloud Fixture Trademark, including in models incorporating 19, 37, or 73 orbs. According the Mizrahi Website, the infringing fixture also comes in a model incorporating 27 orbs, a size which is <u>not</u> offered by Apparatus.  These various models of the infringing fixture are collectively referred to as the "Infringing Fixture."

47.    A review of the Mizrahi Website also shows that Defendants intentionally use the APPARATUS Trademark, the CLOUD Trademark, and the Cloud Fixture Trademark on the Mizrahi Website in connection with the Infringing Fixture. Examples of Defendants' unauthorized use of the APPARATUS Trademark, the CLOUD Trademark, and Cloud Fixture Trademark are provided below:



48.    In addition to the misappropriation of Apparatus' trademarks, Defendants took

photographs, text and drawings from the publicly available Apparatus website and placed them

on the webpage for the Infringing Fixture that is part of the Mizrahi Website in an effort to

confuse consumers as to the source and nature of the products being sold on the Mizrahi

Website.

49.   A side-by-side comparison of photographs and line drawings taken from Apparatus' website (and the tear sheets available on the website) and how those materials are repurposed on the Mizrahi's webpage for the Infringing Fixture appears below.









50.    True and accurate screenshots of Apparatus' website for the Cloud Fixture and copies of Apparatus' tear sheets for the Cloud Fixture, all of which are accessible through Apparatus' website, are attached as Exhibit 8. True and accurate screenshots of the Mizrahi Website for the Infringing Fixture are attached as Exhibit 9.

51.   Defendants have also employed photo editing techniques, such as cropping and background swapping, when using photographs from Apparatus' website on the Mizrahi Website. A comparison of photographs from Apparatus' website and Defendants' edited versions of those photographs as they appear on the Mizrahi Website in connection with the Infringing Fixture are provided below.

**Apparatus' Cloud Fixture Webpage Header Image**



**Cropped Images Displayed on the Mizrahi Website**



**Apparatus Photograph of Cloud Fixture with Black background color**



**Cloud Fixture photograph edited by Defendants with White Background**



52.    Text on the Apparatus website describes Apparatus' Cloud Fixture as follows: "Glass orbs are frosted by hand to create an irregular texture reminiscent of 19th century glass frosting techniques. Three central light sources emit a soft glow that is refracted through the surrounding cluster of orbs."  The very same language appears on the Mizrahi Website to describe the Infringing Fixture (see Exhibit 10).

53.    Defendants use the APPARATUS Trademark, CLOUD Trademark, and Cloud Fixture Trademark, as well as the photographs and other materials taken from Apparatus' website without authorization in order to falsely and misleadingly represent to consumers that the Cloud Fixture depicted in the photographs is available through Defendants, when it is not.

54.    Apparatus does not sell its products to or through Defendants.  Defendants are not identified on Apparatus' website as selling or offering for sale Apparatus products, and have not been authorized by Apparatus to do so.  Defendants have not purchased any products from Apparatus, and there is no business relationship between Defendants and Apparatus.

Accordingly, any products sold by Defendants, including the Infringing Fixture, are not genuine Apparatus products.

55.    On information and belief, when customers order the Infringing Fixture from Defendants, the Infringing Fixture is shipped to the customer from China.  Apparatus does not assemble its Cloud Fixture in China, and does not ship the Cloud Fixture to customers from China.

56.    In view of the foregoing, Defendants use the APPARATUS Trademark, the CLOUD Trademark, and Cloud Fixture Trademark, to willfully and deliberately profit from Apparatus' established goodwill and reputation in its respective marks.

57.    Defendants' conduct as described herein has diminished Apparatus' reputation for exclusivity, quality, and craftsmanship.

58.    The risk of confusion does not end at the point of sale, as those coming into contact with installations of the Infringing Fixture may mistakenly presume either that the piece is the Apparatus Cloud Fixture, or is otherwise associated with or sanctioned by Apparatus.

59.    On information and belief, Defendants' misappropriation of the APPARATUS Trademark, the CLOUD Trademark, and Cloud Fixture Trademark, as well as Defendants' adoption and use images and text from the Apparatus website has given rise to instances of actual confusion.

60.    The loss of goodwill caused by Defendants' willful infringement of Apparatus' APPARATUS Trademark, the CLOUD Trademark, and Cloud Fixture Trademark in marketing the Infringing Fixture has irreparably harmed, and unless enjoined, will continue to irreparably harm Apparatus.

**FIRST CLAIM FOR RELIEF**
**Trademark Infringement of APPARATUS Trademark– 15 U.S.C. § 1114**

23

61.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 60 as if fully set forth herein.

62.    Defendants have used and are using the APPARATUS Trademark in connection with the advertising, promotion and sale of the Infringing Fixture on the Mizrahi Website.

63.    On information and belief, Defendants intentionally use the APPARATUS trademark as a direct reference to Apparatus' APPARATUS Trademark in order to convey to members of the trade, consumers, and the public at large, that the Infringing Fixture is a genuine Cloud Fixture, or that the Infringing Fixture, the Mizrahi Website, and/or Defendants are licensed by, associated with, or otherwise connected to Apparatus, when no such license, association, or connection exists.

64.    Defendants' acts therefore constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

65.    By reason of Defendants' willful infringement, Apparatus has been damaged and will continue to suffer damage to its business and reputation unless Defendants are restrained by this Court from further infringement.

66.    Apparatus has no adequate remedy at law.

67.    As a result, Apparatus is entitled to and demands injunctive relief prohibiting Defendants from using the "APPARATUS" as a trademark or any other mark or design confusingly similar thereto in connection with the Infringing Fixture or any other product or category of products enumerated in the APPARATUS Trademark, and to recover all damages that Apparatus has sustained as a result of Defendants' infringement, and all profits obtained by Defendants from their sales of the Infringing Fixture, and to recover all costs and expenses

incurred by Apparatus in connection with this action, in an amount to be determined pursuant to 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF
### Trademark Infringement of CLOUD Trademark – 15 U.S.C. § 1114

68.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 67 as if fully set forth herein.

69.    Defendants have used and are using the CLOUD Trademark in connection with the advertising, promotion and sale of the Infringing Fixture on the Mizrahi Website.

70.    On information and belief, Defendants intentionally use the CLOUD trademark as a direct reference to Apparatus' CLOUD Trademark in order to further convey to members of the trade, consumers, and the public at large that the Infringing Fixture is a genuine Cloud Fixture, or that the Infringing Fixture, the Mizrahi Website, and/or Defendants are licensed by, associated with, or otherwise connected to Apparatus, when no such license, association, or connection exists.

71.    Defendants' acts therefore constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

72.    By reason of Defendants' willful infringement, Apparatus has been damaged and will continue to suffer damage to its business and reputation unless Defendants are restrained by this Court from further infringement.

73.    Apparatus has no adequate remedy at law.

74.    As a result, Apparatus is entitled to and demands injunctive relief prohibiting Defendants from using the term "CLOUD" as a trademark or any other mark or design confusingly similar thereto in connection with the Infringing Fixture or any other product or category of products enumerated in the CLOUD Trademark, and to recover all damages that

Apparatus has sustained as a result of Defendants' infringement, and all profits obtained by Defendants from their sales of the Infringing Fixture, and to recover all costs and expenses incurred by Apparatus in connection with this action, in an amount to be determined pursuant to 15 U.S.C. § 1117(a).

<strong><u>THIRD CLAIM FOR RELIEF</u></strong><br><strong>Trademark Infringement of Cloud Fixture Trademark – 15 U.S.C. § 1114</strong>

75.   Plaintiff repeats and realleges the allegations of paragraphs 1 through 74 as if fully set forth herein.

76.   The configuration of Defendants' Infringing Fixture on the Mizrahi Website is identical to, or highly similar to, the Cloud Fixture Trademark. The Infringing Fixture used by Defendants is visually identical or highly similar to the Cloud Fixture Trademark.

77.   The Cloud Fixture Trademark is non-functional, is a registered trademark on the Principal Register, and has acquired definitive secondary meaning among members of the trade and consumers as a symbol of Apparatus.

78.   Without Apparatus' permission, authorization, license, or consent, Defendants adopted the Cloud Fixture Trademark for use in the design of and/or sale of the Infringing Fixture.

79.   Defendants have used and continue to use the Cloud Fixture Trademark in connection with their Infringing Fixture on the Mizrahi Website, which is virtually indistinguishable from Apparatus' Cloud Fixture Trademark.

80.   On information and belief, Defendants intentionally use the Cloud Fixture Trademark in order to further convey to members of the trade, consumers, and the public at large that the Infringing Fixture is a genuine Cloud Fixture, or that the Infringing Fixture, the Mizrahi

Website, and/or Defendants are licensed by, associated with, or otherwise connected to Apparatus, when no such license, association, or connection exists.

81.   Defendants' acts therefore constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

82.   By reason of Defendants' willful infringement, Apparatus has been damaged and will continue to suffer damage to its business and reputation unless Defendants are restrained by this Court from further infringement.

83.   Apparatus has no adequate remedy at law.

84.   As a result, Apparatus is entitled to and demands injunctive relief prohibiting Defendants from designing, manufacturing, distributing, selling, or offering for sale the Infringing Fixture, or any light fixture design that confusingly similar to the Cloud Fixture Trademark with any other product or category of products enumerated in the Cloud Fixture Trademark, and to recover all damages that Apparatus has sustained as a result of Defendants' infringement, and all profits obtained by Defendants from their sales of the Infringing Fixture, and to recover all costs and expenses incurred by Apparatus in connection with this action, in an amount to be determined pursuant to 15 U.S.C. § 1117(a).

### FOURTH CLAIM FOR RELIEF
### Counterfeiting of Cloud Fixture Trademark – 15 U.S.C. § 1114

85.   Plaintiff repeats and realleges the allegations of paragraphs 1 through 84 as if fully set forth herein.

86.   Defendants' Infringing Fixture is a counterfeit, as defined in 15 U.S.C. § 1127, of the Cloud Fixture Trademark. The Infringing Fixture is identical to, or substantially indistinguishable from, the registered Cloud Fixture Trademark.

87.   The Cloud Fixture Trademark is a registered trademark on the Principal Register.

88.   Without Apparatus' permission, authorization, license, or consent, Defendants adopted each element of the Cloud Fixture Trademark for use in the design of and/or sale of the Infringing Fixture.

89.   Defendants have offered for sale and continue to offer for sale the Infringing Fixture, which is a counterfeit of the Cloud Fixture Trademark.

90.   On information and belief, Defendants intentionally use the Cloud Fixture Trademark in order to convey to members of the trade, consumers, and the public at large that the Infringing Fixture is a genuine Cloud Fixture, or that the Infringing Fixture, the Mizrahi Website, and/or Defendants are licensed by, associated with, or otherwise connected to Apparatus, when no such license, association, or connection exists.

91.   Defendants' acts therefore constitute counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

92.   By reason of Defendants' willful conduct, Apparatus has been damaged and will continue to suffer damage to its business and reputation unless Defendants are restrained by this Court from further infringement.

93.   Apparatus has no adequate remedy at law.

94.   As a result, Apparatus is entitled to and demands injunctive relief prohibiting Defendants from designing, manufacturing, distributing, selling, or offering for sale the Infringing Fixture, or any light fixture design that confusingly similar to the Cloud Fixture Trademark with any other product or category of products enumerated in the Cloud Fixture Trademark, and to recover all damages that Apparatus has sustained as a result of Defendants' infringement, including treble damages and statutory damages pursuant to 15. U.S.C. §§ 1117 (b) and (c), all profits obtained by Defendants from their sales of the Infringing Fixture, and to

recover all costs and expenses incurred by Apparatus in connection with this action, in an amount to be determined pursuant to 15 U.S.C. § 1117(a)

## FIFTH CLAIM FOR RELIEF
### Unfair Competition and False Designation of Origin – APPARATUS Trademark
### 15 U.S.C. § 1125(a)

95.   Plaintiff repeats and realleges the allegations of paragraphs 1 through 94 as if fully set forth herein.

96.   Defendants' aforementioned acts constitute a misleading description and representation of fact which is intended to and is likely to cause confusion, mistake, or deception as to the origin, source, sponsorship, or affiliation of the Infringing Fixture.

97.   Defendants' conduct as alleged herein constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

98.   Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Apparatus, and to its goodwill and reputation, and will continue to both damage Apparatus and confuse the public unless enjoined by this Court.  Apparatus has no adequate remedy at law.

99.   In light of the foregoing, Apparatus is entitled to and demands, among other relief, injunctive relief, and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs and expenses of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## SIXTH CLAIM FOR RELIEF
### Unfair Competition and False Designation of Origin – CLOUD Trademark
### 15  U.S.C. § 1125(a)

100. Plaintiff repeats and realleges the allegations of paragraphs 1 through 99 as if fully set forth herein.

101. Defendants' aforementioned acts constitute a misleading description and representation of fact which is intended to and is likely to cause confusion, mistake, or deception as to the origin, source, sponsorship, or affiliation of the Infringing Fixture.

102. Defendants' conduct as alleged herein constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

103. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Apparatus, and to its goodwill and reputation, and will continue to both damage Apparatus and confuse the public unless enjoined by this Court.  Apparatus has no adequate remedy at law.

104. In light of the foregoing, Apparatus is entitled to and demands, among other relief, injunctive relief, and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs and expenses of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

<u>**SEVENTH CLAIM FOR RELIEF**</u>
**Unfair Competition, False Designation of Origin and Trade Dress Infringement– Cloud Fixture Trademark**
**16  U.S.C. § 1125(a)**

105. Plaintiff repeats and realleges the allegations of paragraphs 1 through 104 as if fully set forth herein.

106. The Infringing Fixture reproduces the elements of the Cloud Fixture configuration and design—namely, frosted orbs clustered around a central light source, and suspended by chains in a teardrop shape.

107. Defendants' aforementioned acts constitute a misleading description and representation of fact which is intended to and is likely to cause confusion, mistake, or deception as to the origin, source, sponsorship, or affiliation of the Infringing Fixture.

108. Defendants' actions therefore constitute unfair competition, false designation of origin and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

109. By reason of Defendants' willful acts, Apparatus has been damaged and will continue to suffer damage to its business and reputation unless Defendants are restrained by this Court from further infringement.

110. Apparatus has no adequate remedy at law.

111. As a result, Apparatus is entitled to and demands injunctive relief prohibiting Defendants from using the Cloud Fixture Trademark or any mark or design confusingly similar thereto, and to recover all damages that Apparatus has sustained as a result of Defendants' infringement, and all profits obtained by Defendants from its Infringing Fixture, and to recover all costs and expenses incurred by Apparatus in connection with this action, in an amount to be determined pursuant to 15 U.S.C. § 1117(a).

## EIGHTH CLAIM FOR RELIEF
### Unfair Competition in Violation of New York State Common Law

112. Plaintiff repeats and realleges the allegations of paragraphs 1 through 111 as if fully set forth herein.

113. Apparatus owns all right, title, and interest in and to the APPARATUS Trademark, the CLOUD Trademark, and the Cloud Fixture Trademark, as reflected in each respective trademark registration, including any common law trademark rights in each respective trademark.

114. Without Plaintiff's authorization, on information and belief, Defendants knowingly misappropriated the APPARATUS Trademark, the CLOUD Trademark, and the Cloud Fixture Trademark for use in connection with the Infringing Fixture, which is substantially indistinguishable from and confusingly similar to Apparatus' genuine Cloud Fixture.

115. Moreover, without authorization, Defendants knowingly misappropriated and republished various materials from Apparatus' website for the Cloud Fixture to promote and sell the Infringing Fixture on the Mizrahi Website and to further falsely suggest that the Infringing Fixture, the Mizrahi Website, and/or the Defendants are sponsored by, affiliated with, or otherwise related to Apparatus when such is not the case.

116. Defendants' sales of Infringing Fixture has caused, and, unless enjoined, will likely continue to cause members of the trade, consumers, and the public to mistakenly conclude that the Infringing Fixture originates from and/or are sponsored, authorized, or endorsed by Apparatus.

117. Defendants' acts therefore constitute unfair competition in violation of the common law of the State of New York.

118. On information and belief, Defendants have profited from their unlawful actions and have been unjustly enriched to the detriment of Apparatus, causing Apparatus damages in an amount to be determined at trial.

119. Apparatus has been irreparably harmed and, unless enjoined by this Court, will continue to be irreparably harmed by Defendants' conduct.

120. Apparatus has no adequate remedy at law.

121. As a result, Apparatus is entitled to and demands injunctive relief prohibiting Defendants from using the Cloud Fixture Trademark or any mark or design confusingly similar

thereto, and to recover all damages that Apparatus has sustained as a result of Defendants' infringement, and all profits obtained by Defendants from its Infringing Fixture, and to recover all costs and expenses incurred by Apparatus in connection with this action, in an amount to be determined at trial.

## NINTH CLAIM FOR RELIEF
**Violation of New York Deceptive and Unfair Trade Practices Act (N.Y. Gen. Bus. L. § 349)**

122.  Plaintiff repeats and realleges the allegations of paragraphs 1 to 121 as if fully set forth herein.

123.  Defendants' misappropriation of the APPARATUS Trademark, the CLOUD Trademark, and the Cloud Fixture Trademark for use in connection with the Infringing Fixture is consumer-facing, and has deceived and is likely to continue to deceive members of the trade, consumers, and the public at large as to the source, sponsorship, and affiliation of the Infringing Fixture, causing damage to the public.

124.  Moreover, without authorization, Defendants knowingly misappropriated and republished various materials from Apparatus' website to promote and sell the Infringing Fixture on the Mizrahi Website and to further falsely suggest that the Infringing Fixture, the Mizrahi Website, and/or Defendants are sponsored by, affiliated with, or otherwise related to Apparatus.

125.  Defendants' misappropriation of the APPARATUS Trademark, the CLOUD Trademark, and the Cloud Fixture Trademark was willful, deliberate, and in knowing disregard of Apparatus' rights.

126.  Defendants' acts therefore constitute deceptive and unfair trade practices in violation of Section 349 of the General Business Law of the State of New York.

127.  Defendants' acts have caused and will continue to cause immediate, irreparable harm to Apparatus, and, unless enjoined, will continue to damage Apparatus and mislead members of the trade, consumers, and the public.

128.  Apparatus has no adequate remedy at law.

129.  As a result, Apparatus is entitled to and demands injunctive relief prohibiting Defendants from using the Cloud Fixture Trademark or any mark or design confusingly similar thereto, and to recover all damages that Apparatus has sustained as a result of Defendants' infringement, and all profits obtained by Defendants from its Infringing Fixture, and to recover all costs and expenses incurred by Apparatus in connection with this action, in an amount to be determined at trial.

**<u>TENTH CLAIM FOR RELIEF</u>**
**Trademark Infringement in Violation of New York State Common Law**

130.  Plaintiff repeats and realleges the allegations of paragraphs 1 to 129 as if fully set forth herein.

131.  Without Apparatus's authorization, Defendants misappropriated the APPARATUS Trademark, the CLOUD Trademark, and Cloud Fixture Trademark for use in connection with lighting fixtures sold under the marks APPARATUS and CLOUD, which are identical to the APPARATUS Trademark and the CLOUD Trademark.

132.  The Infringing Fixture is identical to and indistinguishable from the Cloud Fixture Trademark.

133.  Defendants' conduct as alleged herein has caused, and, unless enjoined, will likely continue to cause consumers and the public to mistakenly conclude that the Infringing Fixture originates from and/or is sponsored, authorized, or endorsed by Apparatus.

134. Defendants' conduct as alleged herein therefore constitutes trademark infringement in violation of the common law of the State of New York.

135. Upon information and belief, Defendants have profited from their unlawful actions and were unjustly enriched to the detriment of Apparatus, and Apparatus has no adequate remedy at law.  Defendants have caused Apparatus damages in an amount to be determined at trial.

136. In light of the foregoing, Apparatus is entitled to and demands, among other relief, injunctive relief, and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs and expenses of the action under the common law of the State of New York, together with prejudgment and post-judgment interest.

### ELEVENTH CAUSE OF ACTION
**Unfair Competition and Misappropriation - Common Law**

137.  Plaintiff repeats and realleges the allegations of paragraphs 1 to 136 as if fully set forth herein.

138.  Defendants' conduct as alleged herein misappropriates and trades upon the fine reputation and goodwill of Apparatus, its APPARATUS Trademark, its CLOUD Trademark, and its Cloud Fixture Trademark, thereby injuring its reputation and goodwill, and unjustly diverts the benefits rightfully belonging to Apparatus from Apparatus to Defendants.

139. Moreover, without authorization, Defendants knowingly misappropriated and republished various materials from Apparatus' website for the Cloud Fixture to promote and sell the Infringing Fixture on the Mizrahi Website to further falsely suggest that the Infringing Fixture, the Mizrahi Website, and/or Defendants are sponsored by, affiliated with, or otherwise related to Apparatus.

140.  Defendants' conduct as alleged herein constitutes unfair competition and misappropriation under the common law.

141.  Defendants' conduct as alleged herein is intended to and is likely to cause confusion, mistake, or deception as to the origin, source, sponsorship, or affiliation of Defendants' lighting fixtures, including the Infringing Fixture.

142.  Defendants' conduct as alleged herein has caused and will cause Apparatus to sustain monetary damage, loss, and injury.

143.  Defendants' conduct as alleged herein has been undertaken in bad faith.

144.  Defendants have engaged in the foregoing activities knowingly and willfully and in total disregard of Apparatus's intellectual property rights.  As such, Apparatus has no adequate remedy at law.

145.  In light of the foregoing, Apparatus is entitled to and demands, among other relief, injunctive relief, and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs and expenses of the action under the common law of the State of New York, together with prejudgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays:

A.      For a final judgment that Defendants have engaged in trade dress infringement, false designation of origin, unfair competition, counterfeiting, and trademark infringement in violation of Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), unfair competition in violation of the common laws of the State of New York, and deceptive acts and practices in violation of Section 349 of the New York General Business Law; and, that

36

Defendants engaged in trademark infringement, misappropriation, and unfair competition in violation of the statutory and common laws of the State of New York; and

B.      For entry of an Order preliminarily and permanently enjoining Defendants and their parents, subsidiaries, affiliates, officers, agents, servants, employees, attorneys, and all persons and entities acting in concert and participation with them from:

1.      manufacturing, marketing, advertising, promoting, displaying, exhibiting, offering for sale, selling, purchasing, importing, distributing, or otherwise trafficking in the Infringing Fixture;

2.      manufacturing, marketing, advertising, promoting, displaying, exhibiting, offering for sale, selling, purchasing, importing, distributing, or otherwise trafficking in any product adopting a design or configuration confusingly similar to the Cloud Fixture Trademark;

3.      using any trademark, design, designation of origin, or description that copies, imitates, references, or is otherwise confusingly similar to Plaintiff's APPARATUS trademark;

4.      using any trademark, design, designation of origin, or description that copies, imitates, references, or is otherwise confusingly similar to Plaintiff's CLOUD trademark;

5.      using the APPARATUS Trademark, CLOUD Trademark and/or Cloud Fixture Trademark on any website or social media controlled or operated by Defendants;

6.      applying to register or registering in the U.S. Patent and Trademark Office or in any state trademark registry the design and/or configuration of the

Infringing Fixture, or any other trade dress that simulates, reproduces, copies, imitates, or is otherwise confusingly similar to the Cloud Fixture Trademark, or any trademark that copies, imitates, references, or is otherwise confusingly similar to Plaintiff's APPARATUS Trademark or CLOUD Trademark;

C.    Ordering an accounting by Defendants to Plaintiff of any profits gained from sales of the Infringing Fixture;

D.    Awarding damages to Plaintiff, including for injury to Plaintiff's business reputation and goodwill, and all other damages arising out of Defendants' acts of infringement, false designation of origin, and unfair competition in an amount to be determined;

E.    Awarding Plaintiff's attorneys' fees and costs;

F.    Awarding Plaintiff treble damages and statutory damages pursuant to 15 U.S.C. §§ 1117 (b) and (c);

G.    ordering Defendants to recall any and all units of the Infringing Fixture from distributors and retailers, and to deliver to Plaintiff for destruction or other disposition all remaining inventory of the Infringing Fixture in the Defendants' possession, as well as all advertisements and promotional or marketing materials related thereto;

H.    ordering Defendants to file with this Court and to serve on Plaintiff within ten (10) days after the entry of injunctive relief a written report, under oath, setting forth in detail the manner and form in which Defendants' have complied with such Order; and

I.    awarding such other and further relief as the Court may deem just and proper.

38

## JURY TRIAL DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands

a jury trial on all issues so triable.

Dated: October 21, 2020

Respectfully submitted,

GOTTLIEB, RACKMAN & REISMAN, P.C.

By: _Marc P. Misthal_

Marc P. Misthal (MM6636)
Jeffrey M. Kaden (JK2632)
270 Madison Avenue
New York, New York 10016
(212) 684-3900
mmisthal@grr.com
jkaden@grr.com
*Attorneys for Plaintiff Apparatus LLC*